IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| PAUL SURREIRA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-208 |
| § | |
| AMERICAN POLLUTION CONTROL § | |
| CORPORATION and M/V AMPOL § | |
| RESPONDER § | |
| § | |
| Defendants. § | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

This admiralty case arises out of injuries sustained by Paul Surreira ("Plaintiff") while employed as a Captain aboard the M/V AMPOL RESPONDER. Now before the Court comes Defendant American Pollution Control Corporation's Motion to Transfer Venue to the Western District of Louisiana, Lafayette-Opelousas Division. For the reasons stated below, Defendant's Motion is **GRANTED.**[1]

**I. Background**

Plaintiff allegedly suffered injuries on or about March 17, 2006, when the M/V AMPOL RESPONDER began taking on water. While Plaintiff was attempting to escape the water on the vessel, he allegedly hit his head and injured his neck and shoulder. Plaintiff has resided in Houma, Louisiana at all relevant times.

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

## II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

## III. Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the

movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant argues that the availability and convenience of key witnesses would be increased by transfer to the Western District of Louisiana. To support this argument, Defendant has identified several key witnesses who reside in Louisiana. Three of the four crewmembers aboard the M/V AMPOL RESPONDER at the time of the alleged incident are Louisiana residents. Only Captain Ba Nguyen is a resident of this District. However, all of these witnesses are presumably within Defendant's employ and can be compelled to testify. Therefore, the convenience of these witnesses is given relatively less weight. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). In addition, Defendant has listed several medical providers who saw Plaintiff after the accident. These medical providers all reside in the Western District Louisiana. Finally, Defendant lists several other Louisiana medical providers and two previous employers who may have relevant knowledge regarding two of Plaintiff's previous work-related injuries.

Plaintiff lists Captain Nguyen, his current treating physicians, and his economic expert as key witnesses who reside within this District. However, Mr. Nguyen is an employee of Defendant and the remaining witnesses are retained experts whose testimony can be preserved by deposition or compelled in any District in which this case proceeds.

All witnesses whose attendance cannot be compelled at trial reside in Louisiana. Therefore, this factor tends to support transfer.

B.  *Cost of Trial*

The Western District of Louisiana is relatively close to this District. Since there are witnesses in both places, there is no reason to believe that trial in either place would be substantially more expensive. This factor does not weigh for or against transfer.

*C. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

*D. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference. However, it is entitled to less deference since Plaintiff does not reside in this District. Other than the location of one fact witness, Plaintiff's treating physician, and his expert economist, individuals that Plaintiff came into contact with after he incurred his injuries, this lawsuit has no connection to this Division or even the Southern District of Texas. Under the circumstances present in this case, Plaintiff's choice of forum is entitled to less deference. *See, e.g.*, *Robertson*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). This factor does not weigh for or against transfer.

*E. Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place off the coast of Louisiana. Apparently, the incident giving rise to this lawsuit occurred entirely within Louisiana and involved Louisiana residents almost exclusively. The residents of this Division have little, if any, interest in the outcome of this case. This factor supports transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case is set for trial in February, 2007. Transfer at this early stage of the litigation will result in little delay and will not prejudice Plaintiff.

**IV. Conclusion**

After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendant has carried its burden of demonstrating that transferring this case to the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is **GRANTED**. This case is **TRANSFERRED** to the Western District of Louisiana, Lafayette-Opelousas Division. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 10th day of August, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge